JOHN R. TRACY v. HORACE BUTTERS.

*Damages for entry and ouster.*

Where a plaintiff makes out a *prima facie* case of entry and ouster and there is evidence that the defendant had previously parted with his interest in the premises, there is enough as between the parties to go to the jury.

Damages for entry and ouster include all legal injury caused by retaining possession against right.

In trespass for damages caused by excluding plaintiff from the use of a lumbering shanty conveniently situated for his lumbering operations, the increase of expense necessarily caused him by such exclusion can be shown.

Error to Mason.    Submitted Jan. 29.    Decided Jan. 31.

TRESPASS.    Defendant brings error.

*E. N. Fitch* for plaintiff in error.    Plaintiff in trespass must show title, *Gilbert v. Kennedy*, 22 Mich., 5; in trespass for entry and ouster damages lie for the entry and ouster only and not for the continuance of the trespass, *Case v. Shepherd*, 2 Johns. Cas., 27; *Holmes v. Seeley*, 19 Wend., 507; *Wohler v. B. & S. L. R. R.*, 46 N. Y., 686; *Smith v. Wunderlich*, 70 Ill., 426.

*White & McMahon* for defendant in errror.    If plaintiff in trespass claims title and is in actual possession, a mere wrong-doer cannot require him to prove his title without putting it in question by his plea or claiming some right in himself, *Rogan v. Perry*, 6 Wis., 194; *Davis v. Clancy*, 3 McCord, 423; *Chambers v. Donaldson*, 11 East, 65; *Armory v. Delamirie*, 1 Smith's Lead. Cas., 638, 661; *Muldrow v. Jones*, 1 Rice (S. C.), 64; *Hyatt v. Word*, 4 Johns., 157; *Reed v. Price*, 30 Mo., 442; 1 Addison on Torts, 371 and notes; plaintiff in trespass is entitled to such damages as necessarily result to him, *White v. Suttle*, 1 Swanst. (Tenn.), 169; *Gourdier v. Cor-*

*mack*, 2 E. D. Smith, 200; Field on Damages, 591; Sedg-wick on Damages, 147 et seq.

CAMPBELL, C. J.   Butters sued for trespass committed by the entry and holding at two separate periods by Tracy of a lumbering shanty.   The chief defense is that there was no such title shown in Butters as to authorize the recovery.

The objections, as it seems to us, were rather of fact than of law.   There was testimony tending to show that Tracy & Butters had occupied the shanty as their own, and that on a settlement and closing of their partner-ship affairs, Tracy sold out his interest in it.   This being so, and Butters swearing to a *prima facie* case, the ques-tion of title to the land became immaterial, and we can-not find as matter of law there was no possessory right shown which Tracy infringed as between these parties; whatever may have been the actual facts there was enough to go to the jury.

The charges of the court on the trial were all strong enough in favor of defendant below if there was any evidence at all on the main issue.   The charge princi-pally complained of, refusing to instruct the jury that there could be no damages for the continued possession, but only for the act of ouster, was correct.   There is no foundation for such a doctrine as is claimed by plain-tiff in error.   The damages include properly all the injury caused in law by the retention of possession against right.   And we think, inasmuch as the sole benefit of this possession was from its proximity to lumbering ope-rations, the increase of expense necessarily caused to the plaintiff by the exclusion, came within the rule of *Allison v. Chandler*, 11 Mich., 542.

The record does not show any attempt to get dam-ages to the freehold.

We 'think there was no error, and that judgment should be affirmed with costs.

The other Justices concurred.